COPY

1  KENNETH G. PARKER (SBN 182911)
       kparker@tlpfirm.com
2  ROBERT G. LOEWY (SBN 179868)
       rloewy@tlpfirm.com
3  TEUTON, LOEWY & PARKER LLP
   3121 Michelson Drive, Suite 250
4  Irvine, California 92612
   Telephone:  (949) 442-7100
5  Facsimile:  (949) 442-7105

6  Attorneys for PLAINTIFF
7  RE/MAX CALIFORNIA and HAWAII, LLC,
   doing business as RE/MAX CALIFORNIA
8  and HAWAII REGION

FILED
2008 SEP 29 PM 3:24
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
SANTA ANA
BY: ___

9            UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| 11  RE/MAX CALIFORNIA and HAWAII, LLC, doing business as RE/MAX CALIFORNIA and HAWAII REGION, a Colorado limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BENEFICIAL SERVICES, INC., a California corporation; BENEFICIAL REALTY, INC., a California corporation; BENEFICIAL R.E., INC., a California corporation, all doing business as RE/MAX REAL ESTATE SERVICES; and GARY O. THOMAS, an individual,<br><br>Defendants. | Case No.   CV08-06402 SJO (PLAx)<br><br>**COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT** (Franchise Agreements);<br>(2) **BREACH OF CONTRACT (Trade Assets and De-identification Provisions of Franchise Agreements);**<br>(3) **BREACH OF CONTRACT (Notes);**<br>(4) **BREACH OF CONTRACT (Breach of Guaranty);**<br>(5) **ACCOUNT STATED;** and<br>(6) **OPEN BOOK ACCOUNT** |

#869085.2
09/29/08 1:35 PM

COMPLAINT

## PARTIES

1. Plaintiff RE/MAX CALIFORNIA and HAWAII, LLC ("RE/MAX California"), doing business as RE/MAX CALIFORNIA and HAWAII REGION, is a Colorado limited liability company with its principal place of business at 5075 Syracuse Street, Denver, Colorado.

2. Defendant BENEFICIAL SERVICES, INC. is a California corporation with its principal place of business at 27372 Aliso Creek Road, Suite 210, Aliso Viejo, California.

3. Defendant BENEFICIAL REALTY, INC. is a California corporation with its principal place of business at 27372 Aliso Creek Road, Suite 210, Aliso Viejo, California.

4. Defendant BENEFICIAL R.E., INC. is a California corporation with its principal place of business at 27372 Aliso Creek Road, Suite 210, Aliso Viejo, California.

5. GARY O. THOMAS ("Thomas") is an individual residing in Orange County, California.

## JURISDICTION

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. All Defendants reside in California. Plaintiff resides in Colorado and seeks to recover more than $75,000 by virtue of this action.

## VENUE

7. Venue is proper in this Court because one or more of the Defendants reside in this district and a substantial part of the events and omissions that give rise to the claims asserted herein occurred in this district. Assignment to the Southern Division is appropriate because one or more of the Defendants is a resident of Orange County.

## COMMON ALLEGATIONS

8. RE/MAX California is a regional franchisee within the RE/MAX network of franchisees that includes 106,000 agents in over 65 countries (the "RE/MAX System"). RE/MAX California contracts with individuals and companies who wish to benefit from the goodwill established by RE/MAX in the real estate sales business through the use of the RE/MAX name, trademarks, and a proprietary business format system.

9. Since 1988, the Defendants, Beneficial Services, Inc., Beneficial Realty, Inc. and Beneficial R.E., Inc. (collectively "Beneficial") have operated franchises within the RE/MAX network, and have executed Franchise Agreements enforceable by RE/MAX California. Beneficial conducts its business under the trade name RE/MAX Real Estate Services. Its franchises are identified and are located as set forth below:

| Franchise # | Franchise Address |
|---|---|
| 04-228 | 23120 Alicia Pkwy., Suite 100, Mission Viejo, CA 92692 |
| 04-833 | 377 E Pacific Coast Hwy., Suite 250, Newport Beach, CA 92660 |
| 04-912 | 2 S Pointe, Ste. 150, Lake Forest, CA 92630 |
| 04-783 | 27372 Aliso Creek Rd., Ste. 210, Aliso Viejo, CA 92656 |
| 04-080 | 33522 Niguel Rd., Ste. 200, Dana Point, CA 92629 |
| 04-939 | 32525 Golden Lantern # E, Dana Point, CA 92629 |
| 04-753 | 3 Monarch Bay Plaza, Ste. 100, Dana Point, CA 92629 |
| 04-177 | 31931 Camino Capistrano #B, San Juan Capistrano, CA 92675 |
| 04-557 | 30151 Avenida de las Banderas, Suite B, Rancho Santa Margarita, CA 92688 |
| 04-334 | 23 Corporate Plaza #180, Newport Beach, CA 92660 |
| 04-147 | 301 Main St. #112, Huntington Beach, CA 92648 |
| 04-331 | 32392 South Coast Hwy., Suite 100, Laguna Beach, CA 92651 |

| Franchise # | Franchise Address |
|---|---|
| 04-656 | 8141 E Kaiser Blvd., Ste. 311, Anaheim Hills, CA 92808 |
| 04-198 | 17767 Santiago Blvd., Ste. 610, Villa Park, CA 92861 |

10. Pursuant to the terms of the Franchise Agreements, Defendants were granted a license to use certain of the assets of the RE/MAX System, including but not limited to, service marks, trademarks, trade dress, commercial symbols, advertising, sales and promotional materials, supplies, operating procedures and techniques, and the name "RE/MAX" (the "Trade Assets").

11. Also pursuant to the Franchise Agreements, Defendants became obligated to pay RE/MAX California and/or its affiliates certain fees and dues, including but not limited to, management fees, annual dues and advertising fees. Defendants also executed certain promissory notes payable to and/or enforceable by RE/MAX California (the "Notes").

12. Defendant, Gary O. Thomas, has entered into certain written guarantees, which guaranty the performance of Beneficial's obligations pursuant to the Franchise Agreements and the Notes (the "Guaranty Agreements").

13. The Franchise Agreements for all of the franchises set forth in paragraph 9, above, expired by their own terms on September 26, 2008. At the time of termination, and prior thereto, Defendants became obligated to pay, and had failed to pay, to RE/MAX California and/or its affiliates, over $1.7 million in fees owed under the Franchise Agreements and amounts owed under the Notes. From time to time, RE/MAX California has demanded that those amounts be paid and that Defendants cure their defaults under the Franchise Agreements and the Notes.

14. Upon termination or expiration of the Franchise Agreements, Defendants were and are obligated to pay all amounts due to RE/MAX California, cease the use of the RE/MAX Marks, immediately and clearly distinguish their operations from the RE/MAX System, erase or obliterate all reference to RE/MAX

from printed matter or advertising indicating that they are or were associated with RE/MAX, return all printed materials relating to the RE/MAX System, immediately inform clients that they are no longer affiliated with the RE/MAX System, and take other actions to immediately de-identify and disassociate from the RE/MAX System.

15. In addition to agreeing to the de-identification provisions, the Defendants agreed that, in the event of termination or expiration of the Franchise Agreements, RE/MAX California has the right to communicate with Defendants' sales associates.

16. RE/MAX California has fully performed its obligations pursuant to the Franchise Agreements.

## FIRST CLAIM FOR RELIEF

### (Breach of Franchise Agreements)

17. RE/MAX California repeats and reiterates the allegations contained in paragraphs 1 through 16 above with the same force and effect as if fully set forth herein.

18. Beneficial has breached the Franchise Agreements by, among other things, failing to pay the monetary obligations required pursuant to those Agreements.

19. As a result of Defendants' breach of the Franchise Agreements, RE/MAX California has been damaged in an amount to be determined at trial plus additional and accruing interest, attorneys' fees and costs.

4

COMPLAINT

## SECOND CLAIM FOR RELIEF

### (Breach of the Trade Assets and De-identification Provisions of the Franchise Agreements)

20. RE/MAX California repeats and reiterates the allegations contained in paragraphs 1 through 19 above with the same force and effect as if fully set forth herein.

21. The Franchise Agreements provide that, upon termination or expiration of the Franchise Agreements, the Defendants are required to discontinue use of the Trade Assets and otherwise comply with their de-identification obligations.

22. RE/MAX California hereby demands that Defendants comply with the de-identification procedures of the Franchise Agreements. The refusal to discontinue use of the Trade Assets and to otherwise fully de-identify is a violation of the Franchise Agreements and the Guaranty Agreements.

23. Pursuant to the terms of the Franchise Agreements, this Court has jurisdiction over disputes concerning the Franchise Agreements, and RE/MAX California is entitled to injunctive relief requiring Defendants to discontinue use of the Trade Assets and return them to RE/MAX California and to comply with their de-identification obligations.

24. If the Defendants are not prohibited from using the Trade Assets and required to de-identify, RE/MAX California will suffer real, immediate, and irreparable harm.

25. RE/MAX California does not have a plain, speedy, or adequate remedy at law.

26. The granting of injunctive relief prohibiting the Defendants from using the Trade Assets and requiring them to de-identify from RE/MAX California will not disserve the public interest.

27. The equities or a balance of equities favors the granting of the requested relief of prohibiting Defendants from using the Trade Assets and requiring them to de-identify.

28. The requested relief will preserve the status quo until a trial on the merits.

29. RE/MAX California requests that the Defendants be enjoined from using the Trade Assets and be required to comply with their de-identification obligations, and that RE/MAX California be awarded damages for Defendants' breach of the Trade Assets and de-identification provisions of the Franchise Agreements.

### THIRD CLAIM FOR RELIEF
#### (Breach of Notes)

30. RE/MAX California repeats and reiterates the allegations contained in paragraphs 1 through 29 above with the same force and effect as if fully set forth herein.

31. Defendants have breached the Notes by failing to pay according to their terms.

32. As a result of Defendants' breach of the Notes, RE/MAX California has been damaged in an amount to be determined at trial plus additional and accruing interest, attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
#### (Breach of Guaranty Agreements)

33. RE/MAX California repeats and reiterates the allegations contained in paragraphs 1 through 32 above with the same force and effect as if fully set forth herein.

34. Defendant Thomas has breached the Guaranty Agreements by, among other breaches, failing to pay fees due under the Franchise Agreements and amounts due under the Notice and causing the breaches identified herein.

35. As a result of Defendant Thomas' breaches of the Guaranty Agreements, RE/MAX California has been damaged in an amount to be determined at trial plus additional and accruing interest, attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

### (Account Stated)

36. RE/MAX California hereby incorporates herein and realleges all the allegations contained in paragraphs 1 through 35, inclusive.

37. Prior to September 26, 2008, at Orange County, California, an account was stated in writing by and between RE/MAX California, on the one hand, and Defendants, on the other hand, and each of the Defendants was indebted to RE/MAX California in the sum of $1,707,734.82 as of September 26, 2008.

38. No part of that sum has been paid, although RE/MAX California has demanded, or in the alternative by this Complaint demands, that it be paid. There is now due and owing the amount of $1,707,734.82, with interest accruing on it since it became due.

## SIXTH CLAIM FOR RELIEF

### (Open Book Account)

39. RE/MAX California hereby incorporates herein and realleges all the allegations contained in paragraphs 1 through 38, inclusive.

40. Prior to September 26, 2008, at Orange County, California, Defendants became indebted to RE/MAX California on an open book account for money due in the sum of $1,707,734.82 for services RE/MAX California sold and delivered to Defendants, and each of them, and for which Defendants, and each of them, agreed to pay said sum.

1  41. RE/MAX California has made demand on Defendants for that sum or, in the alternative, by way of service of this Complaint again makes demand for payment of that sum. Defendants have not paid.

42. Accordingly, in equity and good conscience, the Defendants owe RE/MAX California the sum of $1,707,734.82, which is the reasonable value of the services provided by RE/MAX California to them, plus prejudgment interest and attorneys' fees according to proof.

## PRAYER FOR RELIEF

WHEREFORE, RE/MAX California prays for a judgment as follows:

1. Injunctive and provisional relief as this Court deems just and proper;
2. Compensatory damages according to proof;
3. Interest on the sum of damages awarded;
4. Costs of suit and reasonable attorneys' fees to the extent permitted by law; and
5. Such other and further relief as the Court deems proper.

Dated: September 29, 2008

TEUTON, LOEWY & PARKER LLP
KENNETH G. PARKER
ROBERT G. LOEWY

By: _____
Kenneth G. Parker
Attorney for Plaintiff
RE/MAX CALIFORNIA and HAWAII, LLC, doing business as RE/MAX CALIFORNIA and HAWAII REGION

DAVIS GRAHAM & STUBBS LLP

Thomas P. Johnson
Lydia Floyd
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202